# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Electronically Filed on: July 12, 2023*

| | | |
|---|---|---|
| **RUSSELLVILLE LEGENDS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No. 23-1061 L |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Defendant* | § | |

## COMPLAINT FOR JUST COMPENSATION

Comes the Plaintiff, Russellville Legends, LLC, and for its cause of action against the Defendant, United States of America, states:

## NATURE OF THE CASE

1. This is a suit for the taking of approximately 28 acres of highly valuable commercial property in Pope County, Arkansas, adjacent to Arkansas Tech University. The taking resulted from the U.S. Army Corps of Engineers' denial of the owner's application for a permit to develop the subject property as dormitories for the University, which deprived the subject property of all economically beneficial and productive use to the Plaintiff. Although the owner challenged the Corps' action, the Eighth Circuit Court of Appeals upheld the permit denial.[1] By this suit, the owner, Russellville Legends, LLC, now seeks Fifth Amendment just compensation for the taking.

---

[1] *See Russellville Legends LLC v. United States Army Corps of Eng'rs,* 24 F.4th 1192, 1197 (8th Cir. 2022).

## JURISDICTION

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1491 (Tucker Act), as this case involves "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of any executive department or upon any express or implied contract with the United States."[2]

## THE PARTIES

3. Plaintiff, Russellville Legends, LLC (Russellville Legends), is a limited liability company organized and existing under the laws of the State of Texas, with its principal office in Dallas, Texas. Russellville Legends' principal business was, prior to the acts of the United States described herein, to construct a privately-owned student housing project on land owned by Russellville Legends adjacent to Arkansas Tech University in Russellville, Arkansas.

4. Defendant, United States of America, is a republic formed under the Constitution of the United States, exercising the powers granted by the people to the United States government, subject to prescribed limitations, including the requirement of the Fifth Amendment to the Constitution that private property shall not be taken for public use without just compensation being paid therefor to the owner.

## FACTUAL BACKGROUND

5. On February 27, 2018, Plaintiff, Russellville Legends ("Plaintiff'),

---

[2] 28 U.S.C. § 1491.

acquired approximately 28 acres of undeveloped real property in Polk County, Arkansas, adjacent to Arkansas Tech University in Russellville, Arkansas ("the Property") for the sum of $615,000.00. The purpose of the acquisition by Plaintiff was to construct dormitory buildings that the University badly needs ("the Project").

6. Prior to Plaintiff's purchase of the Property, a portion of the Property had been subject to a flowage easement up to the elevation of 334 feet NAVD (North American Vertical Datum)[3] granted to the U.S. Army Corps of Engineers (the Corps) by a previous owner of the Property in 1964. However, in subsequent years, the Corps had allowed the owner of the Property to remove significant quantities of dirt from the northern portion of the Property, and to place fill in the easement area on the southern portion of the property to elevate it above the elevation of the flowage easement.

7. In 1996, the Corps executed and delivered to Plaintiff's predecessor in title a consent to Easement Structures which permitted the placement of up to 7000 cubic yards of fill on the Property, which would elevate virtually all of the Property above the elevation of the flowage easement. Approximately 2,000 cubic yards of such fill was placed on the Property prior to Plaintiff's acquisition of it, and Plaintiff proposed to complete such fill after its acquisition. Thus, while adjacent to the easement, the construction of Plaintiff's

---

[3] The property covered by the easement was not submerged. The Easement is for the purpose of drainage in the event of overflow of Lake Dardanelle or flooding from heavy rains. To Plaintiff's knowledge, the Property has never been flooded.

Project would not have impinged on any easement rights of the Corps.

8. After acquisition of the Property, Russellville Legends obtained all necessary city permits for the Project, and, beginning on or about April 2018, commenced initial work on the Property to develop a student housing project for Arkansas Tech, with that institution's full approval and support.

9. However, on or about July 31, 2018, the Plaintiff received a letter of that date from the Corps demanding, under the authority of Section 14 of the Rivers and Harbors Act of 1899,[4] that Russellville Legends cease all activities on its property until Russellville Legends obtained authority to construct the Project from the Corps.[5]

10. Although Russellville Legends believed that the Corps had no jurisdiction over that part of Plaintiffs Property on which the Project was to be developed, and without waiver of any rights, the Plaintiff met and conferred with the Corps, who requested that Plaintiff submit a request under Section 408 of the Federal Clean Water Act to the Corps for authorization to construct the Project.

11. Thereafter, Russellville Legends submitted a request for authorization to the Corps to construct the Project, supported by a detailed hydrologic and hydraulic computer analysis by an expert environmental consultant that the Project would not be located within nor have an impact on the Corps' remaining flowage easement or on the Clean Water Act Section 408

---

[4] 33 U.S.C. 408.
[5] *See* Exhibit 1, Army Corps of Engineers Letter dated July 31, 2018.

project that the Corps had recently initiated for improvement of the nearby Prairie Creek channel.

12. Notwithstanding the undisputed scientific evidence presented by Plaintiff of the Plaintiff's Project having no effect on the Corps' flowage easement or the Section 408 project relative to Prairie Creek, and the absence of any countervailing evidence by the Corps, on April 3, 2019, Col. Robert G. Dixon, then-District Engineer for the Little Rock District of the Corps, issued a letter to Mr. Eric O. Jakimier, a representative of the Plaintiff.[6] In that letter, Col. Dixon denied Plaintiff's request and reasoned that Russellville Legends' project "may impair the usefulness of two USACE projects and that it may be injurious to the public interest."[7] The findings of Col. Dixon in his letter of April 3, 2019, were unsupported by any scientific evidence to rebut Plaintiff's application for the Corps' authority for the Project and were completely without foundation.

13. The Mayor of the City of Russellville (Richard Harris), Plaintiff, and others requested that Col. Dixon reconsider his decision. On May 13, 2019, a meeting was held between representatives of the City, the Plaintiff, Arkansas Tech University, representatives of Arkansas' two U.S. Senators, and the Corps to discuss the Project and urge reconsideration of the decision of April 3, 2019. However, on July 2, 2019, Col. Dixon issued a letter to Mr. Jakimier of Russellville Legends, LLC, in which he upheld his earlier decision denying

---

[6] *See* Exhibit 2, Army Corps of Engineers Letter dated April 3, 2019.
[7] *See id.*

permission for the Project.[8]

14. Russellville Legends then filed suit in the federal district court for the Eastern District of Arkansas, challenging the Corps' permit denial under the Administrative Procedure Act. However, the district court ruled in favor of the Government, and the Eighth Circuit Court of Appeals affirmed that decision.[9]

15. The direct and intended result of the Corps' actions, as herein alleged, is to prohibit the economically beneficial and productive use by Russellville Legends of the Property, thereby destroying all of the owner's reasonable, investment-backed expectations, which expectations were based in large part upon the Corps' issuance of the Consent to Easement Structures to Plaintiff's predecessor in title, and the Corp's willingness to allow excavation and fill to be conducted on the Property even prior to the issuance of the Consent to Easement Structures.

16. Subsequent to the conclusion of the appeal to the U.S. Court of Appeals for the Eighth Circuit, the Plaintiff placed the Property on the market, and on December 9, 2022, sold the Property after an arm's length, bona fide negotiation to an entity not related in any way to the Plaintiff for the sum of $300,000.00, resulting in a substantial loss of $315,000.00 to the Plaintiff in the market value of the Property from the purchase price. However, Plaintiff believes and hereby alleges that the market value of the Property had increased

---

[8] *See* Exhibit 3, Letter from Col. Dixon denying permission for the Project dated July 2, 2019.
[9] *See Russellville Legends LLC v. United States Army Corps of Eng'rs,* 24 F.4th 1192, 1197 (8th Cir. 2022).

from the time of Plaintiff's purchase of the Property in February, 2018, to the date of the Corps' denial of authority to Plaintiff to construct the Project in 2019 (i.e., the date of taking, and that it had a value in 2019 of $700,000.00, resulting in a loss of market value of $385,000.00.

## CLAIM FOR RELIEF

### Plaintiff Should Be Awarded Damages For A Partial Taking Of The Subject Property

Plaintiff realleges and incorporates all preceding allegations of this Complaint, and further allege as follows.

17. At all material times, Plaintiff was the fee owner of the subject property, the taking of which is compensable under the Fifth Amendment to the United States Constitution.

18. At the time of Plaintiff's acquisition of the subject property, it reasonably expected that such property rights would not be altered, impaired, or taken because the United States had allowed previous owners to excavate and place fill upon portions of the Property, and in 2006, executed and delivered to Plaintiff's predecessor in title a Consent to fill the area on which Plaintiff proposed to construct the Project with up to 7000 cubic yards of fill, which would elevate the Property to exceed the 334-foot elevation that was within the Corps' Flowage Easement.

19. The Corps, by executing the Consent to Easement Structures, released its rights to the Flowage Easement on that part of the Property within the

property description contained in the Consent, which included the area intended for Plaintiff's Project. However, after Plaintiff purchased the Property for commercial development in reliance upon the Consent to Easement Structures, the Corps disclaimed the Consent after Plaintiff commenced work to place fill on the subject property.

20. The Fifth Amendment of the Constitution specifically protects private property from governmental incursions by preventing "private property from being taken for public use without just compensation."[10]

21. The taking of Plaintiff's property was a direct, intended, and foreseeable result of the Corps' denial of Plaintiff's application under Section 408 of the Rivers and Harbors Act of 1899 for authority to construct the Project, causing Plaintiff to lose the economic value of the subject property for Plaintiff's use.

22. A regulatory taking of private property occurs when government actions do not encroach upon or occupy the property, yet still affect and limit its use to such an extent that a taking occurs.[11]

23. The decision of the Corps in its letter to Plaintiff dated April 3, 2019, as affirmed by the decision in its letter to Plaintiff dated July 2, 2019, to deny Plaintiff authority under Section 408 of the Federal Clean Water Act to construct the Project: (i) rendered the property useless to the Plaintiff for its

---

[10] U.S. CONST. amend. V.
[11] *See Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001); *see also Love Terminal Partners, L.P. v. United States,* 889 F.3d 1331 (Fed.Cir., 2018).

intended purposes of student housing; (ii) eliminated or severely limited the economically beneficial use of Plaintiff's land, and (iii) eliminated the distinct investment-backed expectations of the Plaintiff in purchasing the property.

24. Under the decision of the United States Supreme Court in *Penn Central Transportation Co. v. City of New York,*[12] such actions and decisions of the Corps constitute a "regulatory" taking of Plaintiff's property for public purposes without just compensation.[13]

25. A regulatory taking of private property occurs when government actions do not encroach upon or occupy the property, yet still affect and limit its use to such an extent that a taking occurs.[14]

26. Under the decision of the United States Supreme Court in *Penn Central Transportation Co. v. City of New York,*[15] such actions and decisions of the Corps constitute a "regulatory" taking of Plaintiffs property for public purposes without just compensation.[16]

27. In order to reduce its damages, Plaintiff sold the property on December 9, 2022, in the open real estate market, for which it received, after an arm's length, negotiated transaction with an entity not related to or affiliated with the Plaintiff, the sum of $300,000.00.

28. Plaintiff verily believes and alleges that the market value of the

---

[12] 438 U.S. 104 (1978)
[13] *See generally id.*
[14] *See Palazzolo v. Rhode Island,* 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592
[15] 438 U.S. 104 (1978)
[16] *See generally id.*

Property at the time of the Corps' denial of authority to the Plaintiff to construct the Project had increased to $700,000.00 prior to the date of the Corps' decision of April 3, 2019, and that the loss of value of the Property sustained by Plaintiff was $385,000.00.

29. Plaintiff, Russellville Legends, should be awarded a judgment against Defendant for the difference in the full market value of the subject property evaluated at its highest and best use, at the time of the Corps' denial of Plaintiff's application to construct the Project on the Property, and the sum of $300,000.00 received by Plaintiff in the sale of the Property, plus prejudgment and post-judgment interest on such difference from April 3, 2019, to date of payment at a rate to be determined by the Court.

30. In addition to the damages claimed in the preceding paragraph, Plaintiff has been required to retain the services of counsel to prosecute this action, incurring attorney fees, expert witness fees, and costs and expenses of litigation which Plaintiff should be awarded as herein requested.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Russellville Legends, LLC, prays that it be granted a judgment of and from Defendant for the difference in the full market value of the subject property evaluated at its highest and best use, at the time of the Corps' denial of Plaintiff's application to construct the Project on the Property, and the sum of $300,000.00 received by Plaintiff in the sale of the Property; and

for prejudgment and post-judgment interest thereon from April 3, 2019, to date of payment, at a rate to be determined by the Court.

**PLAINTIFF FURTHER PRAYS** that it be granted judgment for reasonable attorney fees, for the fees of Plaintiff's appraisers, other expert witnesses under the Uniform Relocation Act, and all costs of this litigation.

**PLAINTIFF FURTHER PRAYS** that it be granted such other legal and equitable relief as the Court may deem just and proper.

        Respectfully submitted,

        **JEFFREY LAW FIRM, P.C.**


        By: /s/ Ray B. Jeffrey
            Ray B. Jeffrey
            State Bar No. 10613700
            2631 Bulverde Rd, Suite 105
            Bulverde, TX  78163
            (830) 438-8935 Phone
            (830) 438-4958 Fax
            ray@jeffreylegal.com

        **ATTORNEY FOR**
        **RUSSELLVILLE LEGENDS, LLC**



**DEPARTMENT OF THE ARMY**
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
Post Office Box 867
LITTLE ROCK, ARKANSAS 72203-0867

REPLY TO
ATTENTION OF:

July 31, 2018

Real Estate Division

Mr. Eric Jakimier
Russellville Legends, LLC
5646 Milton Street, Suite 410
Dallas, TX 75202

Dear Mr. Jakimier:

    I have been informed that Domas Development, LLC is planning to construct an apartment complex on your property where the United States Government has acquired a perpetual flowage easement (DA-03-050-CIVENG-64-1215). This grants the right to occasionally flood and submerge the land and prohibits human habitation in the easement.

    A Consent to Easement was granted to Mr. Joe W. Phillips on October 3, 1996 and is still in effect. This consent authorizes the placement of 7000 cubic yards of fill material (DACW03-9-96-2043). It does not authorize the construction of structures in the flowage easement.

    Please contact Mrs. LaTasha Rideout at (501) 340-1210 at your earliest convenience so that we can learn more about your plans for the easement area. She can also be reached by e-mail at Latasha.L.Rideout@usace.army.mil. A copy of this letter will be furnished to Mr. David Gaza of Barrett & Associates, 608 West "B" Street, Russellville, AR 72801.

Sincerely,

JASON M. MANN
Chief, Real Estate Division

Exhibit 1

RL000001



**DEPARTMENT OF THE ARMY**
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
POST OFFICE BOX 867
LITTLE ROCK, ARKANSAS 72203-0867
www.swl.usace.army.mil/

REPLY TO
ATTENTION OF

April 3, 2019

Mr. Eric O. Jakimier
President
Domus Development
5646 Milton Street, Suite 735
Dallas, Texas 75206

Dear Mr. Jakimier:

   Your request to construct an apartment complex in the sump of the Russellville Dike/ Prairie Creek Pumping Station with Sump and the Prairie Creek, Russellville, projects is denied pursuant to my delegated authority under Section 14 of the Rivers and Harbors Act of 1899, 33 U.S.C. 408 (Section 408). Under Section 408, any proposed alteration or use of a US Army Corps of Engineers (USACE) built public work and the lands under navigation servitude must be evaluated.

   The Little Rock District review of your proposal found that it may impair the usefulness of two USACE projects and that it may be injurious to the public interest. As shown in data provided by your agent, the proposed alterations may reduce the sump capacity, which would increase flood heights in downtown Russellville, and may increase channel velocities to as much as 5.30 ft. /s. A 100-yr flood places the apartments' first floors, parking lots, and exits underwater 2 to 3 feet. The predicted combined velocities and water depth are a significant hazard that can deny escape. The proposal may threaten the lives and security of the people and property in Russellville in contradiction to the purpose of the two USACE projects.

   A copy of this letter is being provided to Mayor Harris, the City of Russellville sponsor of the Prairie Creek Project. For any questions regarding this evaluation, please contact Ms. Julia Smethurst, Section 408 Coordinator, at 501-324-5602.

Sincerely,

Robert G. Dixon
Colonel, U.S. Army
District Engineer

Exhbiit 2



**DEPARTMENT OF THE ARMY**
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
P.O. BOX 867
LITTLE ROCK, ARKANSAS 72203-0867
www.swl.usace.army.mil

July 2, 2019

Mr. Eric O. Jakimier
President, Domus Development
5646 Milton Street, Suite 735
Dallas, Texas 75206

Dear Mr. Jakimier:

At the request of Mayor Richard Harris, we met on 13 May 2019 to discuss my decision (letter dated 3 April 2019) denying your Section 408 application to construct the Domus Development Legends Student Housing project on your property within the Russellville Dike/Prairie Creek Pumping Station flowage easement. Based on the information discussed at the meeting and previously provided, I have decided to uphold my decision. The primary factors considered were: (1) impacts to the usefulness of the Russellville Dike/Prairie Creek Pumping Station and the Prairie Creek Section 205 project, (2) public safety, and (3) policy non-compliance.

<u>Impacts to the Usefulness of USACE Projects</u>. Based on the information provided to-date, we have determined that the proposed project would have a negative impact on the usefulness of two USACE projects.

a. The proposed project location is within the natural floodplain between the two primary floodways (Prairie Creek and Engineer Ditch) that drain into the Russellville Dike/Prairie Creek Pumping Station sump. Construction of the proposed project within this FEMA 100-year floodplain would create a significant obstruction to the natural flow of floodwater into the sump area. We also considered cumulative loss of sump capacity and obstruction of flow resulting from the previously approved North Phoenix Avenue construction.

b. The proposed project would also increase channel velocity and water surface elevations in the Prairie Creek Section 205 project area, which is currently at 90 percent design.

<u>Public Safety</u>. The proposed project would increase flood risks to people and property. The higher channel velocities and water surface elevations mentioned above would increase existing flood risks in the City of Russellville. Additionally, constructing student housing within the 100-year floodplain introduces new flood hazards within the

Exhbiit 3, Page 1

City of Russellville, posing life safety risks to occupants of the housing units, as well as damage to real property and personal property (e.g. automobiles in parking lots).

Legal and Policy Requirements.

a. The flowage easement does not allow construction of habitable structures.

b. Executive Order 11988 requires federal agencies to avoid to the extent possible the long and short-term adverse impacts associated with the occupancy and modification of floodplains and to avoid direct and indirect support of floodplain development wherever there is any practicable alternative. The submitted package did not adequately address alternatives to building within the floodplain.

If you are considering submitting a new Section 408 request related to development on this site, I have enclosed some of the criteria and restrictions we considered in this evaluation and that we would use to evaluate a subsequent request. A copy of this letter is being provided to Mayor Richard Harris. For any questions, please contact Ms. Julia Smethurst, the Section 408 Coordinator, at (501) 324-5602.

Sincerely,

Robert G. Dixon
Colonel, U.S. Army
District Engineer

Enclosure

cc:
Mayor Richard Harris, City of Russellville

Exhibit 3, Page 2

RL000004